460 P.2d 830

**Alvie CARTER, Plaintiff and Respondent,**

v.

**M. A. LINDNER and Erma M. Lindner, his wife; and W. A. Wood and Arrah B. Wood, his wife, Defendants, Cross-Claimants and Appellants,**

v.

**Frank R. DOVER and Shirley May Dover, his wife, Defendants, Cross-Defendants and Respondents.**

**No. 11578.**

Supreme Court of Utah.

Nov. 6, 1969.

E. J. Skeen, Salt Lake City, for appellants.

Milton V. Backman, Ralph J. Marsh, of Backman, Backman & Clark, Salt Lake City, for respondents.

TUCKETT, Justice:

The plaintiff filed this action to quiet title to a parcel of land in Salt Lake City and also for damages by reason of the defendants' unlawful occupancy of the land.

The property herein referred to as the "Carter property" was owned by one Robert Dover from 1920 until December of 1957, when he conveyed it to Frank R. Dover and Shirley M. Dover, his wife. In 1964, Frank R. and Shirley M. Dover entered into a contract for the sale of the property to the plaintiff who went into possession. In 1955, Lindner and Wood, the defendants, purchased the parcel of property adjoining the Carter property on the east and on the south. After the purchase by the defendants, Lindner had a conversation with Robert Dover concerning the proposed erection of a fence by the defendants. Mr. Lindner stated that he inquired of Mr. Dover if he knew where the line was in order that he might avoid the expense of a survey. He further testified that Dover showed him a spot on the land and said, "You can put your fence right here." A chain-link fence was erected on the line indicated but the record indicates that the fence was 24.85 feet north of the true boundary line.

Frank R. Dover, who succeeded to ownership of the parcel of land in question, testified that in the year 1957 he inquired as to why the fence had been erected on that location, and one of the defendants at that time claimed that the Dover property encroached on the Lindner-Wood property on the east side and that to compensate for that encroachment the fence had been placed at its present location.

The defendants Lindner and Wood claim that an oral contract was entered into as to the location of the fence in question and that the agreement is binding upon the plaintiff and the defendants, Frank R. Dover and wife.

The trial court found that the fence had been erected pursuant to a conversation with Robert Dover, who gave the defendants permission to establish the fence at that place. The court also found that prior to that time there was no dispute or uncertainty between the parties as to the location of the boundary line between the properties. The court further found that neither Robert Dover, Frank R. Dover, nor the plaintiff, Alvie Carter, has acquiesced in the fence as being their south boundary line for any period of time. Based upon the foregoing findings the court concluded that the plaintiff was entitled to a decree quieting title in Frank R. Dover

and Shirley M. Dover, his wife, subject to the rights of the plaintiff under the purchase contract. The court declined to award the plaintiff damages.

■■ The evidence is uncontroverted on the court's finding as trier of the facts that although Robert Dover, the owner of the adjoining property, gave defendants permission to build the fence where it is now located there was no dispute between defendants and himself as to the true location of their boundary line. Nor was there any evidence that Mr. Dover did not know and was uncertain as to where the true boundary line between the parties was located. The court having found upon substantial evidence that there was no dispute or uncertainty as to the true location of the boundary line at the time the fence was erected, this court will not interfere with that decision.[1] Without a dispute and uncertainty as to the true location of the boundary line there can be no boundary line by acquiescence under an oral agreement between adjoining property own-ers.[2] In respect to the plaintiff's claim for damages, this is likewise a fact question for the trial court to determine. While the plaintiff testified that he could have used the space in question for storage, he did not testify as to the reasonable rental value of the parcel of land we are here concerned with. A real estate appraiser did testify as to damages, but it is noted that he used a formula in determining the reasonable market value of the tract in question and then computed a rental value based upon the capitalization of the value at 8% per annum. The trial court was not obligated to accept that testimony as establishing a reasonable rental value of the property.

The decision of the trial court is affirmed. Inasmuch as the plaintiff as well as the defendants prevailed on issues presented to this court, it is ordered that each of the parties bear their own costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Christensen v. Christensen, 9 Utah 2d 102, 339 P.2d 101.

2. Tripp v. Bagley, 74 Utah 57, 276 P. 912, 69 A.L.R. 1417.